DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTHONY DEAN JONES, | ) | CASE NO. 5:11CV2345 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| MS. LINDSEY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

   Pro se plaintiff Anthony Dean Jones filed the above-captioned in forma pauperis complaint against Ms. Lindsey, Ms. Sally and Minute Man Staffing Services, CEO ("Minute Man"). He alleges Minute Man refused to hire him because of his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e. He seeks $100,000 from each defendant as well as damages for humiliation, harassment and emotional distress.

*Background*

   On or about October 31, 2011, Mr. Jones arrived at Minute Man's office in Akron, Ohio at 5:00 a.m. seeking employment. He describes Minute Man as an employment service

which hires employees on a daily basis, as needed. The office opened at 5:30 a.m. and Mr. Jones was first in line to sign up.[1] While waiting for an assignment, he noticed several Caucasian applicants who he describes as "new 1st timers." They all signed up well after Mr. Jones. However, within 30 minutes of the time they signed up, each of these applicants was placed on job/work assignments. Mr. Jones states he was never called for an assignment. He discussed the matter with Minute Man, but they refused to help him.

*Administrative Remedies*

Under Title VII, it is unlawful for an employment agency "to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race." 42 U.S.C. § 2000e-2(b). To state a prima facie claim of discrimination based on race, a litigant must allege: (1) he is a member of a protected class; (2) he applied and was qualified for the position at issue; (3) he was considered and denied the position; and (4) other employees of similar qualifications who were not members of the protected class were offered the position. Nguyen v. City of Cleveland, 229 F.3d 559, 562-63 (6th Cir. 2000).

Without addressing the merits of Mr. Jones's Complaint, the Court notes that he has not attached or alleged that he filed a charge of discrimination with the Equal Employment Opportunity Commission (E.E.O.C.). Generally, Title VII requires an employee/job applicant to file a charge of employment discrimination with the E.E.O.C. within 180 days of the alleged unlawful employment practice. 42 U.S.C.A. § 2000e-5. If, however, the employee/applicant initially files charges with a state or local civil rights agency, the time period for filing with the E.E.O.C. is extended to 300 days or within 30 days after receipt of notice that the state or local

---

[1] He states there was already one signature on the sheet when he signed in.

agency has terminated its proceedings, whichever is earlier. 42 U.S.C. § 2000e-5.

Upon due consideration, it appears Mr. Jones has not exhausted his administrative remedies. This is not, however, a jurisdictional defect. See Brown v. General Services Admin., 425 U.S. 820, 832 (1976)(failure to exhaust administrative remedies is not a jurisdictional bar to Title VII action). Therefore, this action is dismissed without prejudice to allow Mr. Jones to exhaust administrative remedies.

*Conclusion*

Accordingly, Mr. Jones's Motion to Proceed In Forma Pauperis is granted and this action is dismissed without prejudice for failure to exhaust administrative remedies. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

November 17, 2011     s/David D. Dowd, Jr.
Date     DAVID D. DOWD, JR.
    UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.